IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LASHONDA HOWELL, ) | |
| Reg. No. 35845-510, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-808-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner Lashonda Howell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. # 1.) For the reasons discussed below, the Federal Defender will be appointed as counsel provisionally for the district court proceedings for the limited purposes specified in this Memorandum Opinion and Order and for any appeal.

**I. BACKGROUND**

On April 11, 2023, Ms. Howell pleaded guilty under a plea agreement to one count of wire fraud, in violation of 18 U.S.C. § 1343. (Crim. Doc. # 21.[1]) As part of the plea agreement, Ms. Howell waived her right to appeal for any reason other

---

[1] References to documents filed in this proceeding are designated as "Doc." References to documents filed in the underlying criminal case (No. 2:22-cr-370) are designated as "Crim. Doc. #." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the original versions as presented for filing.

than ineffective assistance of counsel or prosecutorial misconduct. (Crim. Doc. # 21 at 7.) On December 12, 2023, the district court sentenced Ms. Howell to thirty-seven months' imprisonment and imposed judgment.[2] (Crim. Doc. # 38.) Ms. Howell did not file a direct appeal of her judgment of conviction or sentence.

Ms. Howell filed a 28 U.S.C. § 2255 motion, signed under penalty of perjury on December 11, 2024, asserting four grounds for relief. For each claim, when answering the form's pre-printed instruction—"If you did not raise this issue in your direct appeal, explain why:"—Ms. Howell wrote, "Counsel did not file an appeal so I was unable to raise an issue." (Doc. # 1 at 4, 6, 7, 9.) Ms. Howell, however, does not indicate whether she instructed her trial counsel to file an appeal. (*See id.*)

In response to Ms. Howell's § 2255 motion, her trial attorney, William R. Blanchard, filed an affidavit. As to Ms. Howell's assertions surrounding the absence of an appeal, Mr. Blanchard attests:

> [Ms. Howell] did not direct me to file a Notice of Appeal. . . . The Petitioner was not remanded into custody at the end of her sentencing hearing, so I was able to apprise her of her limited appeal options in the hallway after sentencing. Again, she did not instruct me then or at any subsequent time to file a Notice of Appeal.

(Doc. # 3, at 6.)

---

[2] The sentencing judge was The Honorable L. Scott Coogler, United States District Judge, who has since retired.

## II.  STANDARDS OF REVIEW

### A.  Standard for § 2255 Relief

A prisoner may obtain relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255.  If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id.* § 2255(b).

### B.  Standard for Evaluating Ineffective-Assistance-of-Counsel Claims

A claim of ineffective assistance of counsel is evaluated against the standard announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To show ineffective assistance, a petitioner must prove two things:  (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense."  *Id.* at 687.  Performance is deficient when it "falls below an objective standard of reasonableness, which means that it is outside the wide range of professionally competent assistance."  *Scott v. United States*, 890 F.3d 1239, 1258 (11th Cir. 2018) (cleaned up). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

3

### III.  DISCUSSION

Under well-established Eleventh Circuit precedent, "a lawyer who disregards instructions from his client to appeal has acted in a manner that is professionally unreasonable." *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005) (citation and internal quotation marks omitted).  This rule also "applies in a case where the defendant signed, as part of his plea agreement, a limited waiver of his right to appeal his sentence."  *Id.*  Prejudice, under the *Strickland* standard, "is presumed." *Id.* (citation omitted).  Fourteen years after *Gomez-Diaz*, the Supreme Court of the United States reaffirmed as the law of the land that

> when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit, regardless of whether the defendant has signed an appeal waiver.

*Garza v. Idaho*, 586 U.S. 232, 247 (2019) (internal citation and quotation marks omitted).

The Government asserts that (1) the facts are in dispute as to whether Ms. Howell instructed her trial attorney to file an appeal, stating that Ms. Howell claims she made the request, which trial counsel denies (Doc. # 4 at 2), and that (2) this factual dispute requires an evidentiary hearing.  Then, to obviate the need for a hearing, the Government agrees to concede the factual dispute in Ms. Howell's favor

and proceed to the procedural remedy mandated by *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). As explained by the *Phillips* court:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

225 F.3d at 1201 (alterations added); *see generally Garza*, 586 U.S. at 247 ("When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal.").

But the proposed fact underlying the Government's first assertion—that Ms. Howell "claims in her habeas petition that she asked her attorney to file an appeal"—is missing in the record. (Doc. # 4 at 2.) The Government fails to provide a citation to support that assertion, and a review of the record reveals no such reference. Ms. Howell only states that "[c]ounsel did not file an appeal." (Doc. # 1 at 4, 6, 7, 9.) Even under a liberal construction of the § 2255 motion, *see Gomez-Diaz*, 433 F.3d at 791, that statement cannot reasonably be construed as indicating that Ms. Howell directed her trial counsel to file an appeal. *Cf. id.* at 791 n.1 (liberally construing a § 2255 motion's allegation that counsel "fail[ed] to perfect the *requested* appeal" as asserting that counsel had been asked to appeal but failed to do so (emphasis added)).

The key word "requested" clarified what otherwise was ambiguous. Here, there is no comparable language to suggest that Ms. Howell made such a request.

So, in what posture does this leave the pending § 2255 motion? The answer is that, when the facts are clear, the decisions are clear. To achieve clarity and in the in the interests of justice, an attorney will be appointed to represent Ms. Howell, contingent upon a determination of financial eligibility.[3] This representation will be for the limited purposes of (1) consulting with Ms. Howell to determine whether she is raising a claim in her § 2255 motion that her trial counsel was ineffective for failing to file an appeal after she asked him to do so, (2) reviewing the § 2255 motion to ensure that any such claim is adequately pled, (3) assisting Ms. Howell in further developing the factual record in light of principles espoused in *Gomez-Diaz*, and (4) representing Ms. Howell in any subsequent appeal.

In *Gomez-Diaz*, the Eleventh Circuit discussed *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), where "the Court applied the Strickland test to a claim involving an attorney's failure to file an appeal for a client." 433 F.3d at 791. The Eleventh Circuit continued,

> The [Supreme] Court first reaffirmed the well-settled rule that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se. The [Supreme] Court went on to hold that, even if a client has not made a specific request of his attorney to file an appeal, a court must inquire whether the attorney consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to

---

[3] Ms. Howell was represented by retained counsel in the underlying criminal case.

> determine the client's wishes. If so, the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case. If not, the court must further inquire whether the attorney had the affirmative duty to consult. An attorney has this duty when either (1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing.

*Id.* at 791–92 (alterations added; citations omitted).

Under 28 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel to represent a financially eligible person in a § 2255 proceeding if "the court determines the interests of justice so require." § 3006A(a)(2)(B). Additionally, Rule 8(c) of the Rules Governing Section 2255 Proceedings requires the appointment of counsel if an evidentiary hearing is held. Based on these provisions, the interests of justice warrant the appointment of counsel for Ms. Howell, contingent upon a review of a current financial affidavit and determination of indigency.

## IV. CONCLUSION

For the reasons set forth above, it is ORDERED as follows:

(1) In the interests of justice, the Federal Defender is appointed provisionally to represent Ms. Howell in the district court proceedings and, if necessary, for any appeal;

(2) Counsel shall file a notice of appearance on or before **March 24, 2025**;

(3) Counsel shall file under seal a financial affidavit from Ms. Howell on or before **April 7, 2025**; and

7

(4) Further directives will be entered after counsel has entered an appearance and after review of the financial affidavit.

DONE this 20th day of March, 2025.

                                                /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE